UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN FUCHS, PATRICK MORIN, ANTHONY
MACAGNONE, MICHAEL CONROY, DAVID
HAINES, GEOFFREY JAMES, JAMES MALCOLM,
WILLIAM MACCHIONE, ALAN EHL, WILLIAM
WEITZMAN, FRANK WIRT, KEVIN HICKS,
JOSEPH OLIVIERI, DALE STUHLMILLER, ARTHUR
GODSELL, ROBERT CARLINO, PAUL J. O'BRIEN,
JR., JOSEPH GANIRO, ROSS PEPE, RICHARD
O'BEIRNE, JAMES LOGAN, ANTHONY
CAROPRESSO, ANTONIO MARTINS and TODD
HELFRICH, as Trustees of the EMPIRE STATE
CARPENTERS WELFARE, PENSION, VACATION,
ANNUITY, SCHOLARSHIP, APPRENTICE-TRAINING,
LABOR-MANAGEMENT COOPERATION and
CHARITABLE TRUST FUNDS,

       Plaintiffs,        CV 06-1282 (ETB)

   -against-           MEMORANDUM
                    OPINION, ORDER
                    AND JUDGMENT

TARA GENERAL CONTRACTING, INC.,

       Defendant.
------------------------------------------------------------------------x

  Before the Court is the application of the Plaintiffs, the Trustees of the Empire State Carpenters employee benefit funds (the "Trustees"), for attorney's fees and costs in the amount of $29,151.72. The Defendant, Tara General Contracting, Inc. ("Tara Contracting"), has not filed any opposition to the Trustees' application. For the reasons that follow, the Trustess are awarded attorney's fees and costs in the amount of $28,739.22.

## FACTS

Familiarity with the facts of this action is presumed. Following a bench trial held on January 26, 2009, by Memorandum Opinion, Order and Judgment, dated September 8, 2009, I found that Tara Contracting had failed to make fringe benefit contributions, as required by ERISA, in the amount of $12,828.88 and awarded judgment in favor of the Trustees in that amount, plus interest and liquidated damages. I further found that, pursuant to ERISA, the Trustees are entitled to an award of attorney's fees and costs, the amount of which is determined below.

## DISCUSSION

I.  The Presumptively Reasonable Fee

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 169 (2d Cir. 2007); Baruch v. Healthcare Receivable Mgmt., Inc., No. 05-CV-5392, 2007 U.S. Dist. LEXIS 80429, at *15 (E.D.N.Y. Oct. 29, 2007). The court determines the presumptively reasonable fee by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 453 (1983).

The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. See id. at 433; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("The party seeking the award bears 'the burden of documenting the hours reasonably spent by counsel . . . .'"). Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records

that detail "for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley, 461 U.S. at 433-34; Molefi v. The Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *16 (E.D.N.Y. Feb. 15, 2007) ("If such records are inadequate the Court may reduce the award accordingly.") (quotation omitted).

    A.    Calculating the Reasonable Hourly Rate

In determining what constitutes a "reasonable hourly rate," the court should look to the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"[1] Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stevenson, 465 U.S. 886, 896 n.11 (1984)). The court "may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community." Nike, Inc. v. Top Brand Co., No. 00 Civ. 8179, 2006 U.S. Dist. LEXIS 8381, at *4-5 (S.D.N.Y. Feb. 24, 2006) (citing Miele v. N.Y. State Teamsters Conf. Pens. & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)). In addition, the size and caliber of a firm may also be considered when determining a reasonable hourly rate, "primarily due to varying overhead costs." Cioffi v. New York Cmty. Bank, 465 F. Supp. 2d 202, 219 (E.D.N.Y. 2006) (citations omitted); see also Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989) (stating that "smaller firms may be subject to their own prevailing market rate"); Lukaszuk v. Sudeen, No. CV 02-5143, 2007 U.S. Dist. LEXIS 95919,

---

[1] The Second Circuit recently defined the reasonable hourly rate as "the rate a paying client would be willing to pay." Arbor Hill, 484 F.3d at 169.

at *35 (E.D.N.Y. Nov. 27, 2007) ("[C]ourts typically recognize that the size and caliber of a firm will influence the determination of appropriate billing rates.") (citing cases).

For purposes of determining the reasonable hourly rate, "[t]he relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Guiliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987); see also Arbor Hill, 484 F.3d at 169 (stating that the "community" for purposes of calculating attorney's fees "is the district where the district court sits") (citation omitted). "Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho, 524 F. Supp. 2d at 207 (collecting cases); Commission Express Nat'l, Inc. v. Rikhy, No. CV-03-4050, 2006 U.S. Dist. LEXIS 8716, at 19-20 (E.D.N.Y. Feb. 16, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates . . . $200 to $250 for senior associates . . . [and] [r]ates for paralegals range from $60 to $75.") (citing cases).

The determination of what constitutes a reasonable hourly rate also "requires the submission of information 'concerning the credentials or experience of counsel applying for fees.'" Molefi, 2007 U.S. Dist. LEXIS 10554, at *16 (quoting Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179, at *4 (S.D.N.Y. Dec. 23, 2003)). Where such information is lacking, the court may reduce the award of attorney's fees accordingly. See Molefi, 2007 U.S. Dist. LEXIS 10554, at *16 (citation omitted); see also Marano v. Aaboe, No. 05 Civ. 9375, 2007 U.S. Dist. LEXIS 80154, at *9 (S.D.N.Y. Oct. 29,

2007) (reducing plaintiff's counsel's requested hourly rate where counsel failed to "provide any details as to her skill, experience or reputation" in order to support the rate requested).

Here, the Trustees seek to recover $29,151.72 in attorney's fees and costs, which represents fees billed by two law firms who represented the Trustees during the course of the within action - Meyer, Suozzi, English & Klein, P.C. ("Meyer Suozzi") and Archer, Byington, Glennon & Levine LLP ("Archer Byington").[2] The billing records provided with the instant application - as well as the supplemental information provided to the Court by the Trustees current counsel, Slevin & Hart, P.C. - demonstrate that two attorneys for Meyer Suozzi expended time on this action: (1) Marty Glennon, a partner, whose billing rate was $190 per hour; and (2) Anthony Lumia, an associate, whose billing rate was $175 per hour.  With respect to Archer Byington, the following individuals expended time on behalf of the Trustees: (1) Marty Glennon, whose billing rate at the new firm is $220 per hour; (2) John H. Byington, III, a partner, whose billing rate is $220 per hour; (3) Anthony Lumia, whose billing rate at the new firm is $185 per hour; (4) Paula Clarity, whose billing rate is $175 per hour; (5) James Versocki, whose billing rate is $235 per hour; and (6) Dina Dix, whose billing rate is $75 per hour.[3]

The Court finds the foregoing rates to be reasonable and consistent with those charged in the Eastern District of New York.

---

[2] The Court takes note that certain attorneys left Meyer Suozzi to form Archer Byington, taking this case, among others, with them when they departed.

[3] Although the Trustees' current counsel did not provide information with respect to what titles Ms. Clarity, Mr. Versocki and Ms. Dix hold within the firm, it is apparent to the Court from their respective billing rates that Ms. Clarity is an associate, Mr. Versocki is a partner and Ms. Dix is a paralegal.

B.     Number of Hours Reasonably Expended

In determining the hours reasonably expended, federal courts consider the following:

> (1) hours which reflect the inefficiency or duplication of services should be discounted; (2) hours that are excessive, unnecessary or which reflect "padding" should be disallowed; (3) legal work should be differentiated from nonlegal work such as investigation, clerical work, the compilation of facts and other types of work that can be accomplished by nonlawyers who command lesser rates; (4) time spent in court should be differentiated from time expended for out-of-court services; and (5) the hours claimed should be weighed against the court's own knowledge, experience and expertise as to the time required to complete similar activities.

McGrath v. Toys "R" Us, Inc., No. 01-3071, 2002 U.S. Dist. LEXIS 22610, at *8-9 (E.D.N.Y. Oct. 16, 2002). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Bethlehem Steel Corp., 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). The court should, however, deduct any hours for work that was "excessive, redundant or otherwise unnecessary." Hensley, 461 U.S. at 434. Any deductions for this reason may be accounted for in an across-the-board percentage. See Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997) (citing In re Agent Orange, 818 F.2d at 237-38).

In the within action, the Trustees seek to recover for 154.35 hours of time expended on their behalf. However, a review of Meyer Suozzi's billing records demonstrates 4.9 hours billed by two timekeepers for whom no identifying information has been provided (Timekeepers Nos. 113 and 190). Accordingly, the Court will deduct those hours from the award of attorney's fees granted.

With respect to the remaining time entries, the Court finds that they meet the requisite

specificity mandated by the courts of this Circuit. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998) (holding that attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done"). Accordingly, the Court finds that 149.45 hours were reasonably expended on behalf of the Trustees in connection with the within action.

Based on the foregoing, the Court awards the Trustees $27,751 in attorney's fees.

II. Expenses

"'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting United States Football League, 887 F.2d at 416); see also Miltland Raleigh-Durham v. Meyers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients.") (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)) (additional citation omitted). "However, expenses which are part of the attorney's ordinary overhead are not to be reimbursed." SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (citing New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990). The expenses claimed in this action are $988.22.

The expenditures incurred in the within action include costs for legal research, UPS shipping, fees charged by the Court reporter and travel expenses. All of these fees are routinely recoverable. See, e.g., Simmons v. N.Y. City Transit Auth., No. CV-02-1575, 2008 U.S. Dist.

LEXIS 16949, at *22-23 (E.D.N.Y. Mar. 4, 2008) (finding costs relating to "filing fees, process servers, postage, travel and photocopying" to be reasonable expenditures for which plaintiff was entitled to reimbursement); Cho, 524 F. Supp. 2d at 212 (reimbursing plaintiff for costs related to "Federal Express, reproduction, telephone, facsimile, postage, deposition services, [and] deposition/hearing transcripts" as well as electronic research); Int'l Consulting Servs., Ltd. v. Cheap Tickets, Inc., No. 01-CV-4768, 2007 U.S. Dist. LEXIS 71689, at *26 (E.D.N.Y. Sept. 12, 2007) (finding costs related to electronic research reasonable and awarding costs requested); Molefi, 2007 U.S. Dist. LEXIS 10554, at *25 (finding that "costs associated with mailings, photocopies, and court fees . . . are precisely the type of costs that may be included in an award of attorney's fees").

Accordingly, the Trustees are awarded their requested expenses in the amount of $988.22.

## JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs are awarded $27,751 in attorney's fees and $988.22 in expenses, for a total combined award of $28,739.22.

**SO ORDERED:**

Dated: Central Islip, New York
       November 3, 2009

                                            /s/ E. Thomas Boyle
                                            E. THOMAS BOYLE
                                            United States Magistrate Judge